## Commonwealth v. Stengle.

*Owen P. Bricker* and *John A. Coyle,* for motion.

*Sumner V. Hosterman,* District Attorney, and *Paul A. Mueller,* Assistant District Attorney, contra.

GROFF, J., March 24, 1928.—On Dec. 28, 1927, a complaint was returned to the Quarter Sessions Court of Lancaster County, No. 47, January Sessions, 1928, in which complaint it was charged that Charles Stengle, "the defendant aforesaid, in and upon the body of this deponent, Ralph E. Buch, unlawfully and maliciously did make an assault, and with force and violence did beat, bruise and ill-treat this deponent, entering his place of business with intent to and did commit an aggravated assault and battery, striking this deponent in the face with his eye-glasses on, cutting this deponent's eye and face, striking him on top of the head, knocking him on the floor and plunging upon

him with his knees, and thereby then and there did unlawfully inflict upon said deponent grievous bodily harm."

On this complaint an indictment was drawn charging the defendant with simple assault and battery. This indictment was presented to the grand jury at January Sessions, and was returned a true bill. After the first indictment was returned a "true bill," the district attorney presented a second indictment to the same grand jury, charging aggravated assault and battery, and the motion is to quash the second indictment. The motion to quash, as filed, states that the motion is based on the fact that the same witnesses who were before the grand jury on this indictment testified before the grand jury previously to the same facts, and the grand jury then made a return of the case as assault and battery. It is also stated in the motion to quash that the grand jury struck out the charges of aggravated assault and battery and felonious assault and battery, and returned simple assault and battery only. It appears that indictments for assault and battery in this county contain three counts, one for simple assault and battery, one for aggravated assault and battery, and one for assault and battery with intent to kill. At the argument it developed that the grand jury had not stricken out anything in the indictment, but that the charge of aggravated assault and battery with intent to kill had been stricken out of the first indictment presented to the grand jury before it was presented. The district attorney then discovered that the complaint warranted, in his opinion, a charge of aggravated assault and battery. He presented another indictment, striking out the charge of simple assault and battery and assault and battery with intent to kill; presented that, and had a true bill returned. While there is no evidence in the case, the above are the facts as presented to the court.

It has been a long and immemorial practice for district attorneys to present as many indictments on one complaint as the complaint warrants. There is nothing in the law that we can find that compels a district attorney to combine more than one crime in any indictment. This same question was raised in Com. v. Morton, Huhn et al., 12 Phila. 595, in which it is said that "the district attorney has the power to frame different bills upon one return in which an offense is specifically set out and other offenses are apparent from the facts stated on the face of the return itself. The returns of committing magistrates are made to the district attorney, that he may prepare the necessary and proper bills of indictment to be laid before the grand jury. Now, what are the proper bills to be framed from the data before him? Are they the offenses as formally or technically stated for which he alone may indict an alleged offender? If this is so, the power of the Commonwealth is greatly at fault, and the most flagrant offenders would, in many cases, go unwhipped of justice because of a want of this needed power in the official pleader."

It will be noticed in the case at hand that both indictments were drawn on the same complaint. The reading of the complaint shows they were both warranted. They were presented to the same grand jury and, so far as the court is informed, on the same day. The grand jury had not at any time ignored the charge laid in the indictment now being complained about. We can, therefore, see no reason why the indictment should be quashed. The cases cited in defendant's brief relate to an entirely different class of cases than that now being considered. We, therefore, overrule the motion to quash and direct the district attorney to proceed to trial on the indictment.

Motion overruled.

From George Ross Eshleman, Lancaster, Pa.